[Cite as *State v. Berihun*, 2024-Ohio-2054.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 23 CAA 07 0038 |
| GEBRU BERIHUN | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Case No. 22-CRI-10 0600 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 29, 2024 |

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Delaware County Prosecuting Attorney

KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place South, Suite #100
Dublin, Ohio 43017

*Hoffman, J.*

{¶1}   Defendant-appellant Gebru Berihun appeals the June 13, 2023 Judgment Entry entered by the Delaware County Court of Common Pleas, which found he was a "person with a mental illness subject to court order" and retained jurisdiction over his person.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On April 13, 2022, the Franklin County Probate Court found Appellant, who is in his late 60s and suffers from dementia, incompetent and appointed his daughter as guardian of his person.  Appellant had been a resident at Abbington of Powell, an assisted living community, since January, 2022, after suffering a stroke.  During Halloween festivities on October 26, 2022, Appellant, wearing a mask and wielding a knife, exited his room and proceeded to the common area, where he approached an elderly married couple and stabbed each of them in the back multiple times. Officer and medics responded to the scene.  A Delaware County Sheriff's Deputy found Appellant outside near the north end of the facility.  Appellant was still holding the knife and wearing the face mask.

{¶3}   On November 3, 2022, the Delaware County Grand Jury indicted Appellant on two counts of attempted murder, in violation of R.C. 2903.02(B), (D), felonies of the first degree; two counts of felonious assault, in violation of R.C. 2903.11(A)(2) and R.C. 2903.11(D)(1)(a), felonies of the second degree; and two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and R.C. 2903.11(D)(1)(a), felonies of the second degree. At his arraignment on December 21, 2022, Appellant entered a written plea of not guilty by reason of insanity and a motion requesting a mental health/competency hearing. Via judgment entry filed December 21, 2022, the trial court ordered Appellant undergo an

evaluation as to his present mental health as well as his mental health at the time of the commission of the offenses.

{¶4} Licensed clinical psychologists with Forum Ohio, Laila Moussi, Psy. D., and Amanda Conn, Psy. D., filed their report on March 16, 2023. Drs. Moussi and Conn found Appellant incompetent to stand trial and not likely to be restored within the statutory time period. Copies of the report were provided to the state and counsel for Appellant. At a hearing on April 21, 2023, the parties stipulated to the report.

{¶5} On April 12, 2023, the state filed a motion to retain jurisdiction pursuant to R.C. 2945.39. Via Judgment Entry filed April 21, 2023, the trial court ordered the examiners, Drs. Moussi and Conn, "to prepare an additional report that might assist the court in determining whether [Appellant] is a 'person with a mental illness subject to court order' as the term is used in R.C. 2945.39(A)(2)(b) and R.C. 5122.01(B)." April 21, 2023 Judgment Entry at p. 1, unpaginated. The trial court added, "[a]ny insights that the examiners can offer as to whether [Appellant] – in the words of R.C. 2945.29(D)(1) – 'require[s] mental health treatment' and about an appropriate 'least restrictive' place for him to receive that treatment would be appreciated." *Id.* The additional findings report ("May 15, 2023 Report") was submitted to the trial court on May 15, 2023.

{¶6} The trial court conducted a hearing on the state's motion to retain jurisdiction on June 9, 2023. The trial court permitted the parties to present evidence in support of their respective positions. After considering the evidence, the trial court found "that the State has proven, by clear and convincing evidence, that [Appellant] committed the offenses with which he was charged in this case and that he is a 'person with a mental illness subject to court order' as the term is defined by R.C. 5122.01(B)(3). The State,

therefore, met its burden under R.C. 2945.39(A)(2)." June 13, 2023 Judgment Entry at p. 1, unpaginated. The trial court further found Appellant required mental health treatment and "[t]he least restrictive alternative available that is consistent with public safety and the welfare of [Appellant] is the Kosar Unit at Twin Valley Behavioral Healthcare." *Id.*

{¶7} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT SHOULD NOT HAVE RETAINED JURISDICTION. IT COULD NOT RELY ON THE ADDITIONAL FINDINGS REPORT TO DEEM BERIHUN A PERSON WITH "A MENTAL ILLNESS SUBJECT TO COURT ORDER" WHEN THE REPORT WAS NOT ADMITTED INTO EVIDENCE.

II. EVEN IF THE STATE HAD SOUGHT TO ADMIT THE REPORT, IT WAS INADMISSIBLE WITHOUT EXPERT TESTIMONY. THEREFORE, THE TRIAL COURT SHOULD NOT HAVE RELIED ON IT TO RETAIN JURISDICTION OVER BERIHUN.

III. EVEN IF PROPERLY ADMITTED, THE ADDITIONAL FINDINGS REPORT STILL DID NOT PRODUCE CLEAR AND CONVINCING EVIDENCE THAT BERIHUN WAS A PERSON "WITH A MENTAL ILLNESS SUBJECT TO COURT ORDER," AND THE PSYCHOLOGIST'S FINDINGS WERE NOT COMPETENT. THEREFORE, THE TRIAL COURT COULD NOT HAVE RETAINED JURISDICTION BERIHUN.

*Standard of Review*

**{¶8}** "In certain instances, R.C. 2945.39 authorizes a trial court to retain jurisdiction over an incompetent defendant and commit him to the care of a treatment facility." *State v. Weaver*, 9th Dist. Medina No. 17CA0092-M, 2018-Ohio-2998, 2018 WL 3625843, ¶ 9. A court may retain jurisdiction over a defendant if, following a hearing, it determines by clear and convincing evidence: (1) the defendant committed the charged offense; and (2) the defendant is either "a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order." R.C. 2945.39(A)(2)(a) and (b). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990).

I, II

**{¶9}** We elect to address Appellant's first and second assignments of error together. In his first assignment of error, Appellant argues the trial court should not have retained jurisdiction as the court relied upon the May 15, 2023 Report in determining Appellant was a person with "a mental illness subject to court order." Specifically, Appellant contends the May 15, 2023 Report was not admitted into evidence as he did not stipulate to its admission and the state did not move to admit said report into evidence at the hearing. In his second assignment of error, Appellant asserts, even if the state moved to admit the May 15, 2023 Report into evidence, such was inadmissible without

expert testimony. Appellant submits, without expert testimony, the trial court should not have relied upon the report to retain jurisdiction over Appellant.

**{¶10}** R.C. 2945.37(E) states:

The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but, if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule.

**{¶11}** At the June 9, 2023 hearing on the state's motion to retain jurisdiction, the trial court summarized the additional findings in the May 15, 2023 Report. Thereafter, the trial court addressed counsel for the parties as follows:

THE COURT: So the issue then under Revised Code Section 2945.39(A)(2) is whether I find that there is clear and convincing evidence that, A, [Appellant] committed the offenses of which he is charged in the case and whether he is a person with a mental illness subject to court order. So that appears to me where we are.

Any thoughts from the parties?

MS. BROWN [ASSISTANT PROSECUTOR]: I believe the State is stipulating to the evaluation. I believe there's no contested [sic] as to the

underlying clear and convincing evidence that this did occur, and I believe that defense will be stipulating but wants to argue as to the final resolution.

Is that my, what we discussed?

MR. MANGO [DEFENSE COUNSEL]: *I think that's accurate*, Your Honor.  And it's our slight delay in discussing these matters coming into this hearing that we would stipulate to the finding that [Appellant] is a person with a mental illness but do not agree with the recommendation or that the Court should make a finding that he's submitted for hospitalization or be asked I guess to argue that point at this time.

* *

THE COURT: And then on the other if I understand the defense position, he does have a mental illness presumably of the type these experts have prescribed but you don't feel that he's a person with a mental illness subject to court order; is that it?

MR. MANGO: That's correct, Your Honor.

Transcript of June 9, 2023 Hearing at pp. 6-8. (Emphasis added).

**{¶12}** We find the statements of defense counsel during the above exchange, although capable of differing interpretations, could have been reasonably considered by the trial court to impliedly constitute a stipulation to the admission of the May 15, 2023 Report and belie Appellant's assertion in his Brief to this Court "that [the] additional findings report was not stipulated for admission into evidence by defense, which would

have been required for its admissibility without expert testimony. R.C. 2945.37(E): 6-9-2023 *hearing Tr.* at 6-7." Brief of Appellant at p. 10.

**{¶13}** In addition, a complete reading of the transcript of the June 9, 2023 hearing also refutes Appellant's position the May 15, 2023 Report was not properly before the trial court. During the hearing, defense counsel responded to the state's arguments in support of the trial court retaining jurisdiction by specifically referencing the May 15, 2023 Report:

> MR. MANGO:　　　* * *
>
> As the Court's aware, I guess one of the findings that the Court would need to make is that there is evidence of recent threats or evidence of present dangerousness and I would note for the Court that obviously and the Court's, the parties are fully aware that the six months in jail and the period of time since his release I believe the only concerns have been for self care, his ability to care for himself and to be safe from falls and things of that nature.
>
> And I would want to address those issues as it relates to the report on page 21, Your Honor, I believe that the report I guess bullet points or delineates its basis for its recommendation.
>
> I would want to note or just make a correction and the Court may have gleaned this from some other verbiage in the report that there was never any reports of abuse.
>
> * *

One of the issues too, Your Honor, is, and I think the Court touched on this, that there's a lack of treatment responsiveness noted by the report.

\* \* \*

\* \*

And, Your Honor, I would also note that again that's basically the page 23, the finding [Appellant] is unable to provided for his basic physical needs which based on the history since October 26th I would suggest to the Court is, is inaccurately displayed by the care that's been provided to him since his release and [sic] into the community.

The recommendation, Your Honor, as the Court noted, the report found that a I guess maximum security, forensic maximum security setting is inappropriate and recommended a secure healthcare facility \* \* \*

Tr. June 9, 2023 Hearing at pp. 10-13.

**{¶14}** Appellant's references to specific findings in the May 15, 2023 Report support the conclusion Appellant stipulated to the admission the report. Appellant could not argue to the trial court the findings in the report were erroneous if said report had not been admitted into evidence by the parties' stipulation.

**{¶15}** R.C. 2945.39(B) specifically allows the trial court to consider "all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law." We find the

trial court properly considered the additional findings report in determining Appellant was a person with "a mental illness subject to court order."

**{¶16}** Appellant's first and second assignments of error are overruled.

III

**{¶17}** In his third assignment of error, Appellant maintains, even if the May 15, 2023 Report had been properly admitted, the report did not establish, by clear and convincing evidence, Appellant was a person "with a mental illness subject to court order," and the findings therein were not based upon competent evidence; therefore, the trial court did not have the authority pursuant to R.C. 2945.39 to retain jurisdiction. We disagree.

**{¶18}** In general, an appellate court will not disturb a trial court's finding a person is a mentally ill person subject to court order unless the court's decision is against the manifest weight of the evidence. *State v. McNichols,* 4th Dist. Ross App. No. 19CA3681, 2020-Ohio-2705, 154 N.E.3d 125, ¶ 10, citing *In re Kister*, 194 Ohio App.3d 270, 2011-Ohio-2678, 955 N.E.2d 1029, ¶ 21, citing *In re K.W.*, 10th Dist. Franklin App. No. 06AP-731, 2006-Ohio-4908, 2006 WL 2708460, ¶ 6. When an appellate court reviews whether a trial court's decision is against the manifest weight of the evidence, the court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). A reviewing court may find a trial court's decision against the manifest weight of the

evidence only in the " 'exceptional case in which the evidence weighs heavily against the [decision].' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶19} As relevant herein, R.C. 5122.01(B) defines a "[p]erson with a mental illness subject to court order," as follows:

a person with a mental illness who, because of the person's illness:

* *

(2) Represents a substantial risk of physical harm to others as manifested by evidence of recent homicidal or other violent behavior, evidence of recent threats that place another in reasonable fear of violent behavior and serious physical harm, or other evidence of present dangerousness;

(3) Represents a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical needs because of the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community.

R.C. 5122.01(B).

{¶20} In the May 15, 2023 Report, Drs. Moussi and Conn noted:

According to email correspondence from [Appellant's adult daughter], [Appellant's] pre-existing and current medical conditions include:

"anxiety disorder," depression, posttraumatic stress disorder (PTSD), short-term memory, suicidal ideations, early signs of Parkinson's disease, early signs of dementia, delayed emotional reactions, constant worry, often scared and fearful, and frequently tearful. * * * [Appellant] has "freezes in speech" and "delayed thoughts."

{¶21} May 15, 2023 Report at p. 14.

{¶22} Based upon the information provided for the further assessment, Appellant's mental status examination at the time of the initial evaluation, and consideration of risk factors, Drs. Moussi and Conn opined:

[Appellant] is evidencing indications of severe mental illness, including disorganized speech, confusions, deficits in learning and memory, as well as potential delusions of a persecutory type. Furthermore, because of his mental illness, [Appellant] is unable to provide for his basic physical needs and may be a danger to himself or others.

It is our further opinion that [Appellant] is a mentally ill person subject to hospitalization by Court order (ORC 5122.01). He demonstrates a substantial disorder of thought, perception, and memory that grossly impairs his judgment, behavior, potentially capacity to recognize reality, and ability to meet the ordinary demands of life. * * * he exhibits multiple static and dynamic risk factors. While his daughter indicated that she is willing and able to care for him in the community, it is unlikely that she would be able

to provide the level of care need to mitigate [Appellant's] current risk factors. * * * [Appellant] appears to display delusional beliefs that are persecutory in nature which likely contributed to past violence and may lead to future violence against others. This incident which led to [Appellant's] present charges occurred in a residential facility, a setting which includes a higher level of care than a community setting, and was aimed at fellow residents. While there is some information that suggests [Appellant] was in fact treated poorly by these individuals, other information suggests these concerns may have been amplified by delusions which were persecutory in nature, which may have led [Appellant] to resort to violence.  As stated in our previous report, it is possible that with further cognitive decline in [Appellant's] memory and cognitive functioning, he may continue to draw false conclusions which lead to a sense of increased paranoia, as is common in those with later stages of dementia. * * *

Thus, In [sic] considering [Appellant's] violence in his residential setting in combination with his significant cognitive decline and potential delusional thinking, it is recommended that [Appellant] reside in a secure facility to ensure his own safety and the safety of others. Overall, it does not appear that appropriate provision[s] for [Appellant's] needs can be made immediately available in the community at this time.

*Id.* at p. 23.

**{¶23}** Upon review of the May 15, 2023 Report as well as the original report submitted on March 16, 2023, we find the trial court's determination Appellant is a mentally ill person subject to court order was not against the manifest weight of the evidence.

**{¶24}** Appellant's third assignment of error is overruled.

**{¶25}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.
Delaney, P.J. concurs.
King, J. concurs separately

*King, J. concurs separately,*

{¶ 26} Forty years ago, the Supreme Court interpreted R.C. 5122.01(B) as to require the trial court to consider under totality of circumstances "whether person is subject to hospitalization." *In re Burton* 11 Ohio St.3d 147, 149 (1984). The Supreme Court also went on to address the impact of remission of mental illness had on hospitalizing some person:

> Therefore, we hold that an individual whose mental illness is in a state of remission is subject to hospitalization pursuant to R.C. 5122.01(B) if there is a substantial likelihood that his freedom will result in physical harm to himself or other members of society. However, a non-dangerous individual who is capable of surviving safely by himself, or with the assistance of willing and able family members or friends, is not subject to confinement under the statute.

*Id.* at ¶ 150.

{¶ 27} Following the authority of *In re Burton*, I concur in judgment affirming the trial court's judgment. I write separately because it is not evident to me that either of the Supreme Court's holdings referenced above necessarily flow from the actual text of the statute. Accordingly, this statute might benefit from a fresh analysis by the Supreme Court in the appropriate case.